# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ARKRAY AMERICA, INC., )
)
    Plaintiff, )
)
    v. ) C.A. No. N20C-12-012 MMJ CCLD
)
NAVIGATOR BUSINESS SOLUTIONS, )
INC. AND N'WARE TECHNOLOGIES, )
INC., )
)
    Defendants. )

# **O R D E R**

The Court has reviewed the submissions dated August 31, 2023 and September 1, 2023. The Court permitted the parties to provide clarification of their arguments concerning the damages that are the subject of ARKRAY's Motion in Limine #1 and Defendants' Motion in Limine #3. Because trial begins in less than a week, the Court is providing the following conclusions, without a more fulsome analysis.

Section 3.6.1 of the relevant Agreement unambiguously states: "Under no circumstances shall either party…be liable to each other or any other person or entity be liable in any amount for special, incidental, consequential or indirect damages."

ARKRAY's damages expert opined: "Given the Alleged Acts and the project's ultimate failure, the ARKRAY employee time spent on the Navigator implementation project represents an opportunity cost to ARKRAY, or economic benefit forgone by using resources for one purpose over another." The Court finds that this employee time is consequential damages, which are specifically excluded by the Agreement. Both Utah and Delaware law are consistent with this conclusion.

A further issue is whether Section 3.3.1 of the Agreement creates an exception to the prohibition against recovery of consequential damages, based on the language "in addition to any other remedies it has, the right to a full refund for all amounts paid to NBS for the non-conforming Deliverable." The Court finds this argument unpersuasive. The reference to "in addition to any other remedies" is insufficiently specific to supersede the clear and explicit exclusion of consequential damages elsewhere in the Agreement.

THEREFORE, Defendants' Motion in Limine #3 is hereby GRANTED.

The Court also finds that Navigator's damages claim for Additional Services is one for consequential damages. As part of Navigator's breach of the covenant of good faith and fair dealing claim, consequential damages are prohibited by Section 3.6.1. As part of Navigator's fraud claim, consequential damages survive only for pre-contractual fraud in the inducement. Pursuant to Utah law, post-contractual

2

fraud relating to termination of the Agreement will not include recovery of consequential damages.

THEREFORE, ARKRAY's Motion in Limine #2, on the issue of Navigator's Additional Services damages claim, is hereby GRANTED.

Navigator was allowed the opportunity to submit a supplemental damages report by expert Nielson. At this time, it appears that no supplemental report has been served. Therefore, the Court will not address any unresolved issues relating to ARKRAY's Motion in Limine #2.

**IT IS SO ORDERED.**


Dated:     September 5, 2023          */s/ Mary M. Johnston*
                                      The Honorable Mary M. Johnston